McKinney, J.,
delivered tie opinion of tie Court.
Tiis was an action of debt on simple contract. Tie suit was against tie defendant, Trundle, in tie twofold character of surviving partner and administrator. Tie declaration alleges that tie defendant, Trundle, and one David L. Kidd, deceased, were “partners in trade, doing business under tie firm, name, and style of David L. Kidd;” and that said firm was indebted to tie plaintiffs in tie sum of $435 97 for goods, wares, and merchandise, etc., sold and delivered, and for money paid, laid out, and expended by tie plaintiffs for said firm. And in tie *574 present action it is sought to charge the defendant with the payment of said debt, as surviving partner of said firm, and likewise as administrator of the estate of said David L. Kidd, who departed this life before the commencement of this suit.
No objection can be made on the ground that the defendant is sued both as surviving partner and as administrator. This is not allowable at the common law. The personal representative of the deceased partner was discharged from liability at law, and the survivor alone could be sued; though in equity it was otherwise. But the act of 1789, ch. 57, changed this principle of the common law, and, in all cases of joint obligations or contracts, authorized the personal representative of a deceased party to be jointly sued with the survivor. And the application of this principle is not varied by the fact that the surviving partner has assumed the character of administrator of his deceased partner.
The objection relied upon by the counsel for the plaintiff in error is that the proof is wholly insufficient to maintain the action; and that, in holding otherwise, the Circuit Court erred.
The account on which the action is founded is authenticated by the “affidavit” of one of the plaintiffs, before a justice of Davidson county, in the form prescribed by the act of 1819, ch. 25, § 1. The account, upon its face, is stated thus: “Mr. David L. Kidd, in account with Edwards & Harris;” and the affidavit annexed to the account recites that Harris, one of the plaintiffs, “made oath that the above account of $435 97 against David L. Kidd, deceased, is just and true,” etc. No proof was introduced by the plaintiffs in support of the averment in *575 the declaration of a partnership between the defendant, Tfundle, and Kidd; or that the goods charged in the account were sold on the credit of, or for the use of, the alleged firm, consisting of Trundle & Kidd; or that Trundle had any connection whatever with the purchase of said goods.
Eor want of such proof, it was insisted on the trial, by the defendant’s counsel, that the action could not be maintained against the defendant personally, or as surviving partner of the alleged firm; and the Court was requested to instruct the jury to that effect. The Court refused this instruction, and simply charged “that such proof was not necessary.” The account before mentioned was the only evidence submitted to the jury in support of the action, and upon that they based their verdict for the plaintiffs, on which the Court rendered judgment.
The judgment, we think, is erroneous. The only issue in the case is on the plea of nil debet. ' This plea puts in issue the existence of the debt, and imposes on the plaintiff the necessity of proving' every material allegation in the declaration. The position assumed by the counsel for the defendants in error, that, by the proper construction of the statute, the account itself, verified in the mode prescribed, if not denied on oath by the party to be charged, establishes not only the existence of the debt, but likewise the character in which the defendant is sued, or the ground of his liability, and every other material allegation of the declaration, is, we think, untenable.
There is much force in the argument that the act of 1819 was intended to dispense with nothing more than merely the formal proof of the account. Upon this point, *576 however, we need express no opinion. Eor if it were admitted — in a case where it was sought to charge ' a party, not alone upon the ground of his own personal undertaking, hut hy reason of his supposed relation to or connection with another; and the account offered in support of the claim assumed upon its face that he sustained such relation, and sought to charge him accordingly — that in such case the account itself, not being controverted, would be sufficient evidence not' only of the justice of the debt, but also of the ground of the defendant’s liability, yet this would not obviate the objection to a recovery in the present case. Here, from the face of the account, the debt claimed is, prima facie, the personal, individual liability of Kidd; and there is nothing in the record to repel this presumption. And yet, by the judgment of the Court, the defendant was made personally liable to its satisfaction, upon the mere assumption, without shadow of proof, that he was a dormant partner of Kidd, and that the debt was contracted for the benefit of the firm. And this judgment, it is insisted, is maintainable, not upon the ground that the defendant, by any implied admission in pleading, has precluded himself from objecting to the failure of proof, but simply on the ground that the proper effect of the statute is to make the account, per se, evidence of the debt, as well as of every allegation in the declaration, which by law is necessary to support the action. From this conclusion we dissent.
It is properly conceded that, by an established rule of pleading, the plaintiffs were not bound, upon the issue joined in this case, to prove that the defendant was administrator of Kidd; and to the judgment against him in *577 that character no objection is taken. But this depends upon a different principle from that involved in the objec-jection urged against the judgment.
Judgment reversed.